# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DARNELL DAVIS,

      CASE NO. 06-CV-15172

    Plaintiff,

v.

      DISTRICT JUDGE THOMAS LUDINGTON
      MAGISTRATE JUDGE CHARLES E. BINDER

MICHIGAN DEPARTMENT OF
CORRECTIONS and WARDEN,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## AFTER ADDITIONAL CONSIDERATION

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.[1]

**II.    REPORT**

    **A.    Background**

This *pro se* prisoner civil rights case was referred by United States District Judge Thomas L. Ludington to the undersigned magistrate judge for pretrial case management pursuant to 28 U.S.C. § 636(b).  (Dkt. 2.)  Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1) was granted on January 11, 2007.  Pursuant to the requirements of 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the complaint was screened

---

[1] In the event that this Report and Recommendation is adopted, the following pending motions will be moot: Plaintiff's Motion of Consent (Dkt. 4); Plaintiff's Motion for Release on Personal Recognizance Bond (Dkt. 5); Plaintiff's Motion of Disposition/Arrangement (Dkt. 9); Plaintiff's Motion of Supporting Facts (Dkt. 10); Plaintiff's Motion for Clarification of Pleadings and for Judgment Payments for Unlawful Arrest (Dkt. 11).

to determine whether it was frivolous, malicious, sought monetary relief from an immune defendant, or failed to state a claim upon which relief could be granted. Screening revealed that although Plaintiff utilized a prisoner civil rights form complaint intended for actions being brought under 42 U.S.C. § 1983, his claims were not related to the conditions of his confinement, but rather to the very lawfulness of his conviction and incarceration. Such claims are cognizable only in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and a prisoner may only file one habeas corpus petition without obtaining prior permission from the U.S. Court of Appeals. *See* 28 U.S.C. § 2244(b). As Petitioner already had such an action pending in this district, a Report and Recommendation ("R&R") was filed on January 11, 2007, recommending that the case be dismissed for failure to state a claim upon which relief could be granted. (Dkt. 8.)

On January 16 and 23, 2007, Plaintiff filed additional documents entitled as follows: "Motion of Disposition/Arrangement" (Dkt. 9); "Motion of Supporting Facts" (Dkt. 10); and "Motion for Clarification of Pleadings and for Judgment Payments for Unlawful Arrest" (Dkt. 11). On January 29, 2007, the case was referred back to the undersigned for consideration of the additional filings.

**B.     Discussion**

The Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, and rejected several of the Sixth Circuit's interpretations of the Act which will have a considerable effect on the way in which prisoner civil rights complaints are handled in this district.[2] *See Jones v. Bock*, ___ U.S.

---

[2] The Court held that failure to exhaust administrative remedies is an affirmative defense under the PLRA; that inmates are not required to have named each defendant in an administrative grievance prior to filing suit; and that filing a "mixed complaint" containing both exhausted and unexhausted claims does not bar the entire suit, but rather the district court is to dismiss the unexhausted claims and continue the suit with the remaining claims.

2

\_\_\_, \_\_\_ S. Ct. \_\_\_, 2007 WL 135890 (2007). None of the Court's rulings, however, altered the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Jones*, 2007 WL 135890 at \*1. The timing of screening was also discussed, with the Court noting that the statute requires courts to screen inmate complaints "before docketing, if feasible, or . . . as soon as practicable after docketing," and to dismiss the complaint if it is "frivolous, malicious, . . . fails to state a claim upon which relief may be granted[,] or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b).

Both the statute and the case law cited above instruct that the *complaint* is to be screened as soon as practicable and the *complaint* is to be dismissed if it fails to state a claim. In this case, the R&R suggested that the complaint fails to state a civil rights claim because Plaintiff's allegations[3] are either cognizable only as habeas corpus claims[4] (as with claims 1-3 below) or are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), because a ruling in his favor would necessarily render his continuing confinement invalid (claim

---

[3]The complaint alleges that : (1) Plaintiff's criminal defense attorney violated his Sixth Amendment right to effective assistance of counsel; (2) the Oakland County prosecutor violated his Fifth Amendment rights by involuntarily inducing a guilty plea; (3) the state court judge violated his right to obtain transcripts; and (4) the Michigan Department of Corrections and the warden of the Ionia Maximum Correctional Facility have him unlawfully confined. (Compl. at 4-5.) As relief, he asks that this Court vacate or set aside his state court conviction, that he be released, and that he be awarded $1.5 million in damages for the stress that has been brought upon him by his unlawful arrest and conviction. (*Id*. at 5.)

[4] "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004) (per curiam) (citing *Preiser*, *supra*, at 500, 93 S. Ct. 1827). An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983. 540 U.S., at 750, 124 S. Ct. 1303.

*Hill v. McDonough,* \_\_\_ U.S. \_\_\_, 126 S. Ct. 2096, 2101, 165 L. Ed. 2d 44 (2006).

4).  No motions or other documents filed subsequent to the complaint could alter this conclusion.

Moreover, after having reviewed the subsequent "motions," it is clear that Plaintiff's new filings merely restate the allegations from his complaint that his conviction and confinement are unlawful.  In his "Motion for Disposition," (Dkt. 9), he seeks to be "released on all the unlawful charges which he has been convicted of"; wants his defense counsel and the prosecuting attorney to be prosecuted for their "evil actions" (at 2); and seeks millions of dollars in compensation for 11 years of wrongful incarceration (at 2-3).  In his "Motion of Supporting Facts," (Dkt. 10), he reiterates that he was "unlawfully charged and unconstitutionally convicted" in violation of his Fourth, Fifth and Sixth Amendment rights when he was forced to plead guilty and the trial court did not establish a factual basis for the plea.  He further alleges that the prosecutor, the court-appointed defense attorney, and the trial judge (who are all white) conspired to use him as a "public example" because he is of mixed race (African American and Native American) and was easy to set up due to his reliance on "mentally ill medications."  (*Id*. at 10-12.)  Finally, in his "Motion of Clarification of Pleadings/Demanding Judgment Payments for Unlawful Arrest of Indian Tribles" [sic] (Dkt. 11), he declares that the state courts and the MDOC lack jurisdiction over him because he is a "Federal Indian" pursuant to the "Federal Major Crimes Act."  He therefore demands that his conviction be vacated, that he be released, and that he be compensated $1,500 for each day he has been unlawfully confined since 1995.  (*Id*. at 4-5.)

I suggest that the allegations contained in these documents do not alter the recommendation in the R&R filed on January 11, 2007, that the complaint be dismissed for failure to state a claim upon which relief can be granted.

### III.  **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                 s/ *Charles E Binder*
                                            CHARLES E. BINDER
Dated: February 12, 2007                 United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report And Recommendation was electronically filed this date, served on Darnell Davis by first class mail, and served on District Judge Ludington in the traditional manner.

Date:  February 12, 2007             By     s/Jean L. Broucek
                                                   Case Manager to Magistrate Judge Binder