UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARNELL DAVIS,

        Plaintiff,

                                             Case Number 06-15172-BC

v.                                                   Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF CORRECTS,
and WARDEN,

        Defendants.
_____ /

## ORDER ADOPTING "REPORT AND RECOMMENDATION AFTER ADDITIONAL CONSIDERATION", OVERRULING PLAINTIFF'S OBJECTIONS, DENYING MOTIONS AS MOOT, AND DISMISSING CASE WITH PREJUDICE

This matter is before the Court on a report issued by Magistrate Judge Charles E. Binder on February 12, 2007 recommending that the plaintiff's case be *sua sponte* dismissed for failure to state a claim on which relief can be granted. The magistrate judge issued an initial report recommending the same disposition on January 11, 2007. Thereafter, the plaintiff filed a series of papers that appeared to be directed at the magistrate judge. As a result, the Court asked the magistrate judge to determine whether the additional filings altered his suggestion that the case be dismissed. The magistrate judge considered the additional filings and came to same conclusion. The plaintiff filed objections to the second report and recommendation on February 21, 2007.

The core of the magistrate judge's conclusion was that the plaintiff brought a cause of action that traditionally is cognizable only on federal habeas corpus review.

> In this case, the [initial] R&R suggested that the complaint fails to state a civil rights claim because Plaintiff's allegation are either cognizable only as habeas corpus claims or are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because a ruling in his favor would necessarily render his continuing confinement invalid. No motions or other documents filed subsequent to the complaint could alter this conclusion.

R&R at 3-4 (footnotes omitted).  In his lengthy objections, a majority of which are unintelligible, the plaintiff complains that the defendants are not immune from suit, he was deprived of his constitutional rights, and that his claims are cognizable under 42 U.S.C. § 1983 because "it is very lawlessness of his confinement and convictions" that he is challenging.

However, as the magistrate noted both initially and in his second report, the plaintiff alleges that his criminal defense attorney was constitutionally ineffective; the prosecutor violated his Fifth Amendment rights by obtaining an involuntary guilty plea; the state court judge failed to make transcripts available to him; and the prison and its warden have unlawfully confined him.  Further, as relief, the plaintiff asks the Court to vacate his sentence, that he be released from confinement, and that he be awarded $1.5 million in damages for stress relating to his unlawful confinement.

These claims sound in federal habeas corpus relief, not 42 U.S.C. § 1983.  *See Hill v. McDonough*, ___ U.S. ___, 126 S.Ct. 2096, 2101 (2006) (stating that "[f]ederal law opens two main avenues for relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to the particulars affecting its duration are the province of habeas corpus.  An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983").  The Court therefore will adopt the magistrate judge's report and recommendation, overrule the plaintiff's objections, and dismiss the case with prejudice.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation after additional consideration [dkt # 15] is **ADOPTED**, the plaintiff's objections [dkt #s 12, 16] are **OVERRULED**, and the complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff's motion for consent [dkt # 4], motion for bond

[dkt # 5], motion for disposition [dkt # 9], motion of supporting facts [dkt # 10], and miscellaneous motion [dkt # 11] are **DENIED** as moot.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 8, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 8, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS